**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RV SKINCARE BRANDS LLC,

                Plaintiff,

    - v -

DIGBY INVESTMENTS LIMITED,
QUICK BOX, LLC, and the Internet
Domain Names GetReviveSkin.com, et al.,

                Defendants.

Case No. 1:18-cv-8411-VEC-GWG

Hon. Valerie E. Caproni

**DEFENDANT QUICK BOX, LLC'S**
**ANSWER AND AFFIRMATIVE**
**DEFENSES TO PLAINTIFF'S SECOND**
**AMENDED COMPLAINT**

For its Answer to the Second Amended Complaint of Plaintiff RV Skincare Brands, LLC

("Plaintiff" or "RV Skincare"), Defendant Quick Box, LLC ("Defendant" or "Quick Box")

alleges as follows:

**NATURE OF THE ACTION**

1.    Quick Box lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in Paragraph 1 of the Second Amended Complaint concerning

Defendants Digby Investments Limited ("Defendant Digby"), Ontario Limited ("Defendant

Ontario"), Tre Marketing Internet Ltd. ("Defendant Tre"), Khal Worldwide ("Defendant Khal"),

and on that basis, denies such allegations.  Quick Box denies the remaining allegations contained

in Paragraph 1.

2.    Quick Box lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in Paragraph 2 of the Second Amended Complaint concerning

Defendants Digby, Ontario, Tre, and Khal, and on that basis, denies such allegations.  Quick Box

denies the remaining allegations contained in Paragraph 2.

3.     Paragraph 3 contains Plaintiff's characterization of the Second Amended Complaint and/or legal conclusions, to which no response is required.  To the extent a response is required, Quick Box denies same.

## THE PARTIES

4.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4 of the Second Amended Complaint concerning Plaintiff, and on that basis, denies such allegations.

5.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5 of the Second Amended Complaint concerning Defendant Digby, and on that basis, denies such allegations.

6.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6 of the Second Amended Complaint concerning Defendant Digby, and on that basis, denies such allegations.

7.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 of the Second Amended Complaint concerning Defendant Ontario, and on that basis, denies such allegations.

8.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 of the Second Amended Complaint concerning Defendant Ontario, and on that basis, denies such allegations.

9.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 of the Second Amended Complaint concerning Defendant Tre, and on that basis, denies such allegations.

10. Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 of the Second Amended Complaint concerning Defendant Khal, and on that basis, denies such allegations.

11. Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11 of the Second Amended Complaint concerning Defendant Khal, and on that basis, denies such allegations.

12. Quick Box admits the allegations in Paragraph 12 of the Second Amended Complaint.

13. Quick Box admits the allegations in Paragraph 13 of the Second Amended Complaint.

14. Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14 of the Second Amended Complaint, and on that basis, denies such allegations.

15. Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15 of the Second Amended Complaint, and on that basis, denies such allegations.

16. Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 of the Second Amended Complaint, and on that basis, denies such allegations.

17. Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17 of the Second Amended Complaint, and on that basis, denies such allegations.

18.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 of the Second Amended Complaint, and on that basis, denies such allegations.

19.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 of the Second Amended Complaint, and on that basis, denies such allegations.

20.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 of the Second Amended Complaint, and on that basis, denies such allegations.

21.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 of the Second Amended Complaint, and on that basis, denies such allegations.

22.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 of the Second Amended Complaint, and on that basis, denies such allegations.

23.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 of the Second Amended Complaint, and on that basis, denies such allegations.

24.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 of the Second Amended Complaint, and on that basis, denies such allegations.

25.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 of the Second Amended Complaint, and on that basis, denies such allegations.

26.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 of the Second Amended Complaint, and on that basis, denies such allegations.

27.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 of the Second Amended Complaint, and on that basis, denies such allegations.

28.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28 of the Second Amended Complaint, and on that basis, denies such allegations.

29.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29 of the Second Amended Complaint, and on that basis, denies such allegations.

30.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30 of the Second Amended Complaint, and on that basis, denies such allegations.

31.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31 of the Second Amended Complaint, and on that basis, denies such allegations.

32.    Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 of the Second Amended Complaint, and on that basis, denies such allegations.

33.    Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33 of the Second Amended Complaint, and on that basis, denies such allegations.

34.    Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 of the Second Amended Complaint, and on that basis, denies such allegations.

35.    Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35 of the Second Amended Complaint, and on that basis, denies such allegations.

36.    Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36 of the Second Amended Complaint, and on that basis, denies such allegations.

37.    Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37 of the Second Amended Complaint, and on that basis, denies such allegations.

38.    Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38 of the Second Amended Complaint, and on that basis, denies such allegations.

39.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 39 of the Second Amended Complaint, and on that basis, denies such allegations.

## JURISDICTION AND VENUE

40.     Quick Box admits that in this action Plaintiff RV Skincare attempts to assert claims under Section 32 and 43 and Lanham Act (15 U.S.C. §§ 1114 and 1125), that the federal court has federal question jursdiction over such claims and supplemental jurisdiction over the New York state law trademark claims.  Quick Box denies the substance of all alleged claims.

41.     Denied.

42.     Other than knowledge that Defendants Ontario, Tre, and Khal have advertised and sold skincare products, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42 of the Second Amended Complaint concerning Defendants Digby, Ontario, Tre, and Khal and on that basis, denies such allegations.

43.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43 of the Second Amended Complaint concerning Defendants Digby, Ontario, Tre, and Khal and on that basis, denies such allegations.

44.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44 of the Second Amended Complaint concerning Defendants Digby, Ontario, Tre, and Khal and on that basis, denies such allegations.

45.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45 of the Second Amended Complaint concerning Defendants Digby, Ontario, Tre, and Khal and on that basis, denies such allegations.

46.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46 of the Second Amended Complaint concerning Defendants Digby, Ontario, Tre, and Khal and on that basis, denies such allegations.

47.     Quick Box denies that it ever conducted any business activities with or has any knowledge about Defendant Digby and otherwise admits the remaining allegations contained in Paragraph 47.

48.     Quick Box denies that it ever conducted any business activities with or has any knowledge about Defendant Digby, denies that Quick Box has facilitated any promotion, advertisement, offer for sale, and/or sale of skincare products, denies that Quick Box enables customers to market skincare products to e-commerce consumers, and otherwise admits the remaining allegations contained in Paragraph 48.

49.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49 of the Second Amended Complaint concerning Defendants Digby, Ontario, Tre, and Khal and on that basis, denies such allegations.

50.     Denied.

51.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51 of the Second Amended Complaint concerning Defendant Digby and on that basis, denies such allegations.

52.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52 of the Second Amended Complaint concerning Defendant Domain Names and on that basis, denies such allegations.

53.     Paragraph 53 contains legal conclusions for which no response is required.  To the extent a response is required, Quick Box denies such allegations.

54. Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 54 of the Second Amended Complaint concerning Defendants Digby, Ontario, Tre, and Khal and on that basis, denies such allegations. Quick Box denies the allegations in Paragraph 54 pertaining to Quick Box.

55. Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55 of the Second Amended Complaint concerning Defendants Digby, Ontario, Tre, and Khal and on that basis, denies such allegations. Quick Box denies the allegations in Paragraph 55 pertaining to Quick Box.

56. Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 56 of the Second Amended Complaint concerning Defendants Digby, Ontario, Tre, and Khal and on that basis, denies such allegations. Quick Box denies the allegations in Paragraph 56 pertaining to Quick Box.

## PLAINTIFF AND PLAINTIFF'S TRADEMARKS

57. Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57 of the Second Amended Complaint and on that basis, denies such allegations.

58. Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 58 of the Second Amended Complaint and on that basis, denies such allegations.

59. Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 59 of the Second Amended Complaint and on that basis, denies such allegations.

60.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 60 of the Second Amended Complaint and on that basis, denies such allegations.

61.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 61 of the Second Amended Complaint and on that basis, denies such allegations.

62.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 62 of the Second Amended Complaint and on that basis, denies such allegations.

63.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 63 of the Second Amended Complaint and on that basis, denies such allegations.

64.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 64 of the Second Amended Complaint and on that basis, denies such allegations.

65.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 65 of the Second Amended Complaint and on that basis, denies such allegations.

66.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57 of the Second Amended Complaint and on that basis, denies such allegations.

67.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67 of the Second Amended Complaint and on that basis, denies such allegations.

68.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68 of the Second Amended Complaint and on that basis, denies such allegations.

69.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 69 of the Second Amended Complaint and on that basis, denies such allegations.

70.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 70 of the Second Amended Complaint and on that basis, denies such allegations.

71.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 71 of the Second Amended Complaint and on that basis, denies such allegations.

72.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 72 of the Second Amended Complaint and on that basis, denies such allegations.

73.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 73 of the Second Amended Complaint and on that basis, denies such allegations.

74.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 74 of the Second Amended Complaint and on that basis, denies such allegations.

75.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 75 of the Second Amended Complaint and on that basis, denies such allegations.

76.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76 of the Second Amended Complaint and on that basis, denies such allegations.

77.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 77 of the Second Amended Complaint and on that basis, denies such allegations.

78.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 78 of the Second Amended Complaint and on that basis, denies such allegations.

79.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 79 of the Second Amended Complaint and on that basis, denies such allegations.

80.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 80 and subparagraphs (a) through (c) of the Second Amended Complaint and on that basis, denies such allegations.

## **DEFENDANTS' CONDUCT**

81. Paragraph 81 contains legal conclusions for which no response is required. To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 81 of the Second Amended Complaint and on that basis, denies such allegations.

82. Paragraph 82 contains legal conclusions for which no response is required. To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 82 of the Second Amended Complaint and on that basis, denies such allegations.

83. Paragraph 83 contains legal conclusions for which no response is required. To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 83 of the Second Amended Complaint and on that basis, denies such allegations.

84. Paragraph 84 contains legal conclusions for which no response is required. To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 84 of the Second Amended Complaint and on that basis, denies such allegations.

85. Paragraph 85 contains legal conclusions for which no response is required. To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 85 of the Second Amended Complaint and on that basis, denies such allegations.

86. Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 86 of the Second Amended Complaint and on that basis, denies such allegations.

87.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 87 of the Second Amended Complaint and on that basis, denies such allegations.

88.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 88 of the Second Amended Complaint and on that basis, denies such allegations.

89.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 89 of the Second Amended Complaint and on that basis, denies such allegations.

90.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 90 of the Second Amended Complaint and on that basis, denies such allegations.

91.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 91 of the Second Amended Complaint and on that basis, denies such allegations.

92.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 92 of the Second Amended Complaint and on that basis, denies such allegations.

93.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 93 of the Second Amended Complaint and on that basis, denies such allegations.

94.     Quick Box denies ever receiving Ré Vive's Letter until service of Plaintiff's Amended Complaint.  Quick Box lacks knowledge or information sufficient to form a belief as

to the truth or falsity of the allegations in Paragraph 93 of the Second Amended Complaint and on that basis, denies such allegations.  Paragraph 95 also contains legal conclusions for which no response is required.

95.     Quick Box denies ever receiving Ré Vive's Letter until service of Plaintiff's Amended Complaint.

96.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 96 of the Second Amended Complaint and on that basis, denies such allegations.

97.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 97 of the Second Amended Complaint and on that basis, denies such allegations.

98.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 98 of the Second Amended Complaint and on that basis, denies such allegations.

99.     Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 99 of the Second Amended Complaint and on that basis, denies such allegations.

100.    Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 100 of the Second Amended Complaint and on that basis, denies such allegations.

101.    Admitted.

102.    Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 102 of the Second Amended Complaint and on that basis, denies such allegations.

103.    Paragraph 103 contains legal conclusions for which no response is required.  To the extent a response is required, Quick Box denies such allegations.

104.    Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 104 of the Second Amended Complaint and on that basis, denies such allegations.

105.    Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 105 of the Second Amended Complaint and on that basis, denies such allegations.

106.    Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 106 of the Second Amended Complaint and on that basis, denies such allegations.

107.    Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 107 of the Second Amended Complaint and on that basis, denies such allegations.

108.    Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 108 of the Second Amended Complaint and on that basis, denies such allegations.

109.    Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 109 of the Second Amended Complaint and on that basis, denies such allegations.

110.    Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 110 of the Second Amended Complaint and on that basis, denies such allegations.

111.    Paragraph 111 contains legal conclusions for which no response is required.  To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 111 of the Second Amended Complaint and on that basis, denies such allegations.

112.    Paragraph 112 contains legal conclusions for which no response is required.  To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 112 of the Second Amended Complaint and on that basis, denies such allegations.

113.    Paragraph 113 contains legal conclusions for which no response is required.  To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 113 of the Second Amended Complaint and on that basis, denies such allegations.

114.    Paragraph 114 contains legal conclusions for which no response is required.  To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 114 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations.  Quick Box denies the allegations contained in Paragraph 114 directed toward Quick Box.

115.    Paragraph 115 contains legal conclusions for which no response is required.  To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations in Paragraph 115 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations. Quick Box denies the allegations contained in Paragraph 115 directed toward Quick Box.

116. Paragraph 116 contains legal conclusions for which no response is required. To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 116 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations. Quick Box denies the allegations contained in Paragraph 116 directed toward Quick Box.

117. Paragraph 117 contains legal conclusions for which no response is required. To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 117 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations. Quick Box denies the allegations contained in Paragraph 117 directed toward Quick Box.

118. Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 118 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations. Quick Box denies the allegations contained in Paragraph 118 directed toward Quick Box.

119. Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 119 of the Second Amended Complaint directed to

Defendants other than Quick Box, and on that basis, denies such allegations. Quick Box denies the allegations contained in Paragraph 119 directed toward Quick Box.

120. Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 120 of the Second Amended Complaint and on that basis, denies such allegations.

121. Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 121 of the Second Amended Complaint and on that basis, denies such allegations.

122. Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 122 of the Second Amended Complaint and on that basis, denies such allegations.

123. Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 123 of the Second Amended Complaint and on that basis, denies such allegations.

124. Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 124 of the Second Amended Complaint and on that basis, denies such allegations.

125. Quick Box denies that it ever conducted any business activities with or has any knowledge about Defendant Digby, denies that Quick Box ever knowingly affixed any alleged infringing label on any skincare product, and denies that Quick Box has distributed any products throughout the United States, and otherwise admits the remaining allegations contained in Paragraph 125.

126.    Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 126 of the Second Amended Complaint and on that basis, denies such allegations.

127.    Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 127 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations.  Quick Box denies the allegations contained in Paragraph 127 directed toward Quick Box.

128.    Quick Box denies ever receiving Ré Vive's Letter until service of Plaintiff's Amended Complaint.  Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 128 of the Second Amended Complaint and on that basis, denies such allegations.  Paragraph 128 also contains legal conclusions for which no response is required.

129.    Quick Box denies ever receiving Ré Vive's Letter until service of Plaintiff's Amended Complaint.  Thereafter, Quick Box did respond.

130.    Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 130 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations.  Quick Box denies the allegations contained in Paragraph 130 directed toward Quick Box.

131.    Paragraph 131 contains legal conclusions for which no response is required.  To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 131 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such

allegations.  Quick Box denies the allegations contained in Paragraph 131 directed toward Quick Box.

132.  Paragraph 132 contains legal conclusions for which no response is required.  To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 132 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations.  Quick Box denies the allegations contained in Paragraph 132 directed toward Quick Box.

<u>**COUNT I**</u>

<u>**Trademark Infringement and Counterfeiting (15 U.S.C. § 1114)**</u>

133.  Quick Box incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

134.  Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 134 of the Second Amended Complaint and on that basis, denies such allegations.

135.  Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 135 of the Second Amended Complaint and on that basis, denies such allegations.

136.  Paragraph 136 contains legal conclusions for which no response is required.  To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 136 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such

allegations. Quick Box denies the allegations contained in Paragraph 136 directed toward Quick Box.

137. Paragraph 137 contains legal conclusions for which no response is required. To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 137 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations. Quick Box denies the allegations contained in Paragraph 137 directed toward Quick Box.

138. Paragraph 138 contains legal conclusions for which no response is required. To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 138 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations. Quick Box denies the allegations contained in Paragraph 138 directed toward Quick Box.

139. Paragraph 139 contains legal conclusions for which no response is required. To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 139 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations. Quick Box denies the allegations contained in Paragraph 139 directed toward Quick Box.

## COUNT II

### Contributory Trademark Infringement (as to Defendant Quick Box)

140.  Quick Box incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

141.  Quick Box denies that it ever conducted any business activities with or has any knowledge about Defendant Digby.  Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 141 of the Second Amended Complaint concerning Defendants Digby, Ontario, Tre, and Khal and on that basis, denies such allegations

142.  Paragraph 142 contains legal conclusions for which no response is required.  To the extent a response is required, Quick Box denies the allegations.

143.   Paragraph 143 contains legal conclusions for which no response is required.  To the extent a response is required, Quick Box denies the allegations.

144.  Quick Box admits that Plaintiff purports to have sent a letter dated November 30, 2018, demanding that Quick Box cease providing fulfillment and distribution services for all LE REVIVA and REVIVE skincare products, as well as other REVIVE-branded skin products. Quick Box denies knowing that any of its clients were allegedly infringing Plaintiff's trademarks and denies all remaining allegations contained in Paragraph 144.

145.  Paragraph 145 contains legal conclusions for which no response is required.  To the extent a response is required, Quick Box denies the allegations.

146.  Paragraph 146 contains legal conclusions for which no response is required.  To the extent a response is required, Quick Box denies the allegations.

147.  Paragraph 147 contains legal conclusions for which no response is required.  To the extent a response is required, Quick Box denies the allegations.

148.   Paragraph 147 contains legal conclusions for which no response is required.  To the extent a response is required, Quick Box denies the allegations.

149.   Paragraph 148 contains legal conclusions for which no response is required.  To the extent a response is required, Quick Box denies the allegations.

150.   Paragraph 150 contains legal conclusions for which no response is required.  To the extent a response is required, Quick Box denies the allegations.

151.   Paragraph 151 contains legal conclusions for which no response is required.  To the extent a response is required, Quick Box denies the allegations.

<div align="center">

**COUNT III**

**False Designation of Origin and Unfair Competition (15 U.S.C. § 1125(a))**

</div>

152.   Quick Box incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

153.   Paragraph 153 contains legal conclusions for which no response is required.  To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 153 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations.  Quick Box denies the allegations contained in Paragraph 153 directed toward Quick Box.

154.   Paragraph 154 contains legal conclusions for which no response is required.  To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 154 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such

allegations.  Quick Box denies the allegations contained in Paragraph 154 directed toward Quick Box.

155.   Paragraph 155 contains legal conclusions for which no response is required.  To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 155 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations.  Quick Box denies the allegations contained in Paragraph 155 directed toward Quick Box.

156.   Paragraph 156 contains legal conclusions for which no response is required.  To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 156 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations.  Quick Box denies the allegations contained in Paragraph 156 directed toward Quick Box.

## COUNT IV

### False Advertising (15 U.S.C § 1125(a))

157.   Quick Box incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.  Quick Box also notes that, by written correspondence on August 26, 2019, Plaintiff's counsel informed Quick Box's counsel that this claim is not asserted against Quick Box.

158.   Paragraph 158 contains legal conclusions for which no response is required.  To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 158 of the Second Amended

Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations. Quick Box denies the allegations contained in Paragraph 158 directed toward Quick Box.

159. Paragraph 159 contains legal conclusions for which no response is required. To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 159 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations. Quick Box denies the allegations contained in Paragraph 159 directed toward Quick Box.

160. Paragraph 160 contains legal conclusions for which no response is required. To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 160 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations. Quick Box denies the allegations contained in Paragraph 160 directed toward Quick Box.

161. Paragraph 161 contains legal conclusions for which no response is required. To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 161 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations. Quick Box denies the allegations contained in Paragraph 161 directed toward Quick Box.

162. Paragraph 162 contains legal conclusions for which no response is required. To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations in Paragraph 162 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations. Quick Box denies the allegations contained in Paragraph 162 directed toward Quick Box.

163. Paragraph 163 contains legal conclusions for which no response is required. To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 163 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations. Quick Box denies the allegations contained in Paragraph 163 directed toward Quick Box.

## COUNT V

## Anti-Cybersquatting Consumer Protection Act (15 U.S.C. § 1125(d))

164. Quick Box incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein. Quick Box also notes that, by written correspondence on August 26, 2019, Plaintiff's counsel informed Quick Box's counsel that this claim is not asserted against Quick Box.

165. Paragraph 165 contains legal conclusions for which no response is required. To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 165 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations. Quick Box denies the allegations contained in Paragraph 165 directed toward Quick Box.

166. Paragraph 166 contains legal conclusions for which no response is required. To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 166 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations. Quick Box denies the allegations contained in Paragraph 166 directed toward Quick Box.

167. Paragraph 167 contains legal conclusions for which no response is required. To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 167 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations. Quick Box denies the allegations contained in Paragraph 167 directed toward Quick Box.

## COUNT VI

### Trademark Infringement Under New York Common Law

168. Quick Box incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

169. Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 169 of the Second Amended Complaint and on that basis, denies such allegations.

170. Paragraph 170 contains legal conclusions for which no response is required. To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 170 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such

allegations. Quick Box denies the allegations contained in Paragraph 170 directed toward Quick Box.

171. Paragraph 171 contains legal conclusions for which no response is required. To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 171 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations. Quick Box denies the allegations contained in Paragraph 171 directed toward Quick Box.

172. Paragraph 172 contains legal conclusions for which no response is required. To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 172 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations. Quick Box denies the allegations contained in Paragraph 172 directed toward Quick Box.

173. Paragraph 173 contains legal conclusions for which no response is required. To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 173 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations. Quick Box denies the allegations contained in Paragraph 173 directed toward Quick Box.

174. Paragraph 174 contains legal conclusions for which no response is required. To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 174 of the Second Amended

Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations.  Quick Box denies the allegations contained in Paragraph 174 directed toward Quick Box.

## COUNT VII

### Unfair Competition Under New York Common Law

175.    Quick Box incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

176.    Paragraph 176 contains legal conclusions for which no response is required.  To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 176 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations.  Quick Box denies the allegations contained in Paragraph 176 directed toward Quick Box.

177.    Paragraph 177 contains legal conclusions for which no response is required.  To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 177 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations.  Quick Box denies the allegations contained in Paragraph 177 directed toward Quick Box.

178.    Paragraph 178 contains legal conclusions for which no response is required.  To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 178 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such

allegations. Quick Box denies the allegations contained in Paragraph 178 directed toward Quick Box.

179.    Paragraph 179 contains legal conclusions for which no response is required. To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 174 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations. Quick Box denies the allegations contained in Paragraph 174 directed toward Quick Box.

## PRAYER FOR RELIEF

180.    Paragraph 180 contains legal conclusions for which no response is required. To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 180 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations. Quick Box denies the allegations contained in Paragraph 180 directed toward Quick Box.

181.    Paragraph 181 and subparts (a) through (f) contain legal conclusions for which no response is required. To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 181 and subparts (a) through (f) of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations. Quick Box denies the allegations contained in Paragraph 181 and subparts (a) through (f) directed toward Quick Box.

182.    Paragraph 182 contains legal conclusions for which no response is required. To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations in Paragraph 182 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations. Quick Box denies the allegations contained in Paragraph 182 directed toward Quick Box.

183. Paragraph 183 contains legal conclusions for which no response is required. To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 183 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations. Quick Box denies the allegations contained in Paragraph 183 directed toward Quick Box.

184. Paragraph 184 contains legal conclusions for which no response is required. To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 184 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations. Quick Box denies the allegations contained in Paragraph 184 directed toward Quick Box.

185. Paragraph 185 contains legal conclusions for which no response is required. To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 185 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations. Quick Box denies the allegations contained in Paragraph 185 directed toward Quick Box.

186.     Paragraph 186 contains legal conclusions for which no response is required.  To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 186 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations.  Quick Box denies the allegations contained in Paragraph 186 directed toward Quick Box.

187.     Paragraph 187 contains legal conclusions for which no response is required.  To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 187 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations.  Quick Box denies the allegations contained in Paragraph 187 directed toward Quick Box.

188.     Paragraph 188 contains legal conclusions for which no response is required.  To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 188 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations.  Quick Box denies the allegations contained in Paragraph 188 directed toward Quick Box.

189.     Paragraph 189 contains legal conclusions for which no response is required.  To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 189 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such

allegations. Quick Box denies the allegations contained in Paragraph 189 directed toward Quick Box.

190. Paragraph 190 contains legal conclusions for which no response is required. To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 190 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations. Quick Box denies the allegations contained in Paragraph 190 directed toward Quick Box.

191. Paragraph 191 contains legal conclusions for which no response is required. To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations. Quick Box denies the allegations contained in Paragraph 191 directed toward Quick Box.

192. Paragraph 192 contains legal conclusions for which no response is required. To the extent a response is required, Quick Box lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 192 of the Second Amended Complaint directed to Defendants other than Quick Box, and on that basis, denies such allegations. Quick Box denies the allegations contained in Paragraph 192 directed toward Quick Box.

## JURY DEMAND

Quick Box demands a trial by jury on all issues so triable.

## FURTHER ANSWER AND AFFIRMATIVE DEFENSES

By way of further answer and affirmative defenses, Quick Box denies that it is liable to Plaintiff for any of the claims alleges and denies that Plaintiff is entitled to damages or to any relief whatsoever, and states as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims against Quick Box are barred, in whole or in part, based on Plaintiff's failure to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against Quick Box are barred, in whole or in part, based on the doctrines of fair use, nominative fair use, and/or descriptive use.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against Quick Box are barred, in whole or in part, because any infringement by Quick Box, if any, was innocent and/or because Quick Box relied in good faith on the representations of others that there was no infringement.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Quick Box are barred, in whole or in part, because Plaintiff's damages, if any, were not caused by Quick Box, because Quick Box is not liable for the acts of others over whom it has no control, and/or because Plaintiff has represented in this action that its damages were not caused by Quick Box and instead were caused by others over whom it has no control.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Quick Box are barred, in whole or in part, based on Plaintiff's failure to mitigate damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Quick Box are barred, in whole or in part, based on Plaintiff's and/or its predecessor's failure to enforce its marks and/or laches, abandonment, waiver and estoppel.

## SEVENTHTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Quick Box are barred, in whole or in part, based on Plaintiff's failure to join necessary parties.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Quick Box are barred, in whole or in part, because Quick Box is not jointly or severally liable or a joint tortfeasor with others.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Quick Box are barred, in whole or in part, because Plaintiff seeks relief that is not legally cognizable or otherwise equitable as against Quick Box.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Quick Box are barred, in whole or in part, because Plaintiff seeks relief against Quick Box that would be unconstitutional under the United States and New York Constitutions.

Quick Box reserves the right to assert additional defenses based on information learned or obtained during discovery.

WHEREFORE, Quick Box prays for judgment as follows:

1.      That Plaintiff take nothing by way of its Second Amended Complaint;

2.      That the Second Amended Complaint, and each and every purported claim against Quick Box be dismissed with prejudice;

3  That Quick Box be awarded its costs of suit incurred herein, including attorneys'

fees and expenses; and

4.  For such other and further relief as this Court deems just and proper.

Dated: September 19, 2019

<div style="margin-left: 40%;">

GORDON REES SCULLY MANSUKHANI, LLP
*Attorneys for Defendant Quick Box, LLC*

By:  */s/ Ronald A. Giller*
Ronald A. Giller, Esq.
Catherine Bentivegna, Esq.
One Battery Park Plaza, 28th Floor
New York, NY 10004
rgiller@grsm.com
cbentivegna@grsm.com

Damon W.D. Wright (admitted *pro hac vice*)
1101 King Street, Suite 520
Alexandria, VA 22314
dwright@grsm.com

</div>