```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/27/2019
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                             :
RV SKINCARE BRANDS, LLC,                                     :    1:18-cv-08411 (VEC)
                                                             :
                        Plaintiff,                           :
                                                             :    **CIVIL CASE**
        vs.                                                  :    **MANAGEMENT PLAN**
                                                             :    **AND SCHEDULING ORDER**
DIGBY INVESTMENTS LIMITED, QUICK                             :
BOX, LLC and The Internet Domain Names                       :
GETREVIVESKIN.COM, *et al.*,                                 :
                                                             :
                        Defendants.                          :
------------------------------------------------------------ x

This Civil Case Management Plan is submitted by the Plaintiff RV Skincare Brands, LLC ("RV Skincare") and Defendant Quick Box, LLC ("QuickBox") in accordance with Fed. R. Civ. P. 26(f)(3).

1. Plaintiff and QuickBox do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

2. Except for amendments permitted by Fed. R. Civ. P. 15(a)(1) and this Court's Individual Practices in Civil Cases ("Individual Practices"), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within thirty (30) days from the date of this Order.

3. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than fourteen (14) days from the date of this Order.

4. <u>Discovery</u>.

a. All fact discovery shall be competed no later than ~~May 24, 2019~~ Feb. 5, 2020. ~~*Note that Defendant QuickBox intends to move for a stay of discovery as explained further in paragraph 7 below~~.

b. All expert discovery, including reports, production of underlying documents and depositions, shall be completed no later than ~~July 9, 2019~~ April 6, 2020.

c. Within two weeks of the date of entry of this Scheduling Order, the parties shall meet and confer in person to agree upon a joint plan for meeting the discovery deadlines.

d. In the case of discovery disputes, the parties should follow Local Civil Rule 37.2 with the following modifications. Any party wishing to raise a discovery dispute with the Court must first meet and confer in good faith with the opposing party, in person, or by telephone, in an effort to resolve the dispute. If this process fails and the Court's intervention is required, the parties must jointly call Chambers to schedule a joint teleconference with the Court for prompt resolution of the dispute. The Court will determine during the teleconference whether additional submissions will be required.

5. Counsel for the parties believe the following alternative dispute resolution mechanisms may be helpful in resolving this case (check all that apply):

☐ Immediate referral to the District's Mediation Program
☐ Immediate referral to a Magistrate Judge
☒ Referral to the District's Mediation Program after the close of fact discovery

☒ Referral to a Magistrate Judge after the close of fact discovery

☐ Other

6. This case is to be tried to a jury.

7. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

> It is possible that, as a consequence of party and non-party fact discovery, additional domain names and/or potential defendants will be identified. Plaintiff RV Skincare requests the right in that instance to move for leave to add additional party defendants and domain names. Plaintiff believes the entry of a protective order limiting the use and access to competitively-sensitive information may at some point be warranted.
>
> Defendant Digby Investments Limited ("Digby") has been served but has not appeared. Plaintiff intends to seek entry of default and default judgment against Digby. Defendant QuickBox's position is that discovery should not commence until Defendant Digby has appeared or Plaintiff has obtained entry of a default judgment. QuickBox's concern is that if discovery is commenced, and Digby later appears, the time and resources of the parties and the Court may be wasted including by relitigating issues, reopening depositions and re-conducting document discovery pursuant to new requests from Digby.
>
> In addition, Defendant QuickBox has moved to dismiss the Amended Complaint against it for lack of personal jurisdiction which – QuickBox maintains – also supports a

stay of discovery. To support personal jurisdiction over QuickBox, Plaintiff's Amended Complaint alleges that QuickBox has worked with Digby to advertise, sell, and distribute infringing products into this District. However, Defendant QuickBox maintains that it did not, has never worked with Digby including in connection with any activities in this District, and had never heard of Digby (or Plaintiff) until service of the Amended Complaint. For this additional reason, Defendant QuickBox intends to seek a stay of discovery pending the decision on its motion. Plaintiff RV Skincare opposes any stay of discovery.

In view of QuickBox's motion to dismiss, Plaintiff RV Skincare will seek to take discovery relative to the factual issues raised by QuickBox's motion, including the extent to which QuickBox is found and/or doing business in the District. More specifically, discovery is needed to ascertain whether QuickBox has clients in the District, whether QuickBox has made deliveries for such clients to consumers in the District and/or received product returns from consumers in this District and whether any of such deliveries or product returns in this District have included any of the anti-aging products at issue in this action. Defendant QuickBox's position is that it cannot ascertain based on Plaintiff's brief description above whether the discovery Plaintiff is seeking is appropriate or not. For instance, it appears that Plaintiff is proposing to serve discovery premised on a general personal jurisdiction theory, which would be improper. Any jurisdictional discovery should be targeted to purported activity into New York with Digby. Defendant QuickBox reserves all of its rights in this regard. Plaintiff disagrees with Defendant Quick Box's position.

8.   This Order may not be modified or the dates herein extended except by further Order of the Court for good cause shown. Unless the Court orders otherwise, parties engaged in settlement negotiations must pursue settlement and conduct discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail. Any application to modify or extend the dates herein shall be made by written application no later than two business days before the date sought to be extended in accordance with the Court's Individual Practices.

9.   The next pretrial conference is scheduled for ~~May 31, 2019~~ Feb 7, 2020 at 10:00 a.m. in Courtroom 43 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007. By Thursday of the week prior to that conference, the parties shall submit a joint letter regarding the status of the case. The letter should include the following information in separate paragraphs:

   a.   a statement of all existing deadlines, due dates and/or cut-off dates;

   b.   a brief description of any outstanding motions;

   c.   a brief description of the status of discovery and of any additional discovery that needs to be completed;

   d.   a statement describing the status of any settlement discussions and whether the parties would like a settlement conference;

   e.   a statement of the anticipated length of trial and whether the case is to be tried to a jury;

      f.      a statement of whether any party anticipates filing a motion for summary judgment or a motion to exclude expert testimony;

      g.      any other issue that the parties would like to address at the pretrial conference; and

      h.      any other information that the parties believe may assist the Court in advancing the case to settlement or trial.

Dated: 9/27/19, 2019

**SO ORDERED**

_____
Hon. Valerie E. Caproni