DAMON W.D. WRIGHT
DWRIGHT@GRSM.COM



ATTORNEYS AT LAW
1101 KING STREET SUITE 520
ALEXANDRIA, VA 22314
WWW.GRSM.COM

October 15, 2019

**V<small>IA</small> ECF**

Honorable Valerie E. Caproni
United States District Judge for the Southern District Of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 443
New York, NY 10007

      Re:    **RV Skincare Brands LLC v. Digby Investments Limited**
                **Docket: 1:18-cv-08411-VEC**

Dear Judge Caproni:

We represent Defendant Quick Box, LLC ("Quick Box") in this matter. Please accept this letter in support of Quick Box's partial opposition to Plaintiff RV Skincare Brands LLC's ("Plaintiff") motion for default judgment against Digby Investments Limited ("Digby"). As explained below, Plaintiff's motion for default judgment does not identify what products, product labels, or domain names are attributable to Digby. Nor does Plaintiff explain what evidence demonstrates any counterfeiting by Digby. Nor does Plaintiff explain anything about how it arrived at its damages calculations for the judgment it seeks against Digby.

This does concern Quick Box because, although Quick Box has no connection to Digby and should not be jointly and severally liable for Digby's activities, Plaintiff's Second Amended Complaint appears to allege that Quick Box is jointly and severally liable for Digby's activities – yet, at the same time, Plaintiff's motion for default judgment does not identify or make clear what Digby's activities are. Although Quick Box does not dispute that default may be entered against Digby, this does not mean that Plaintiff is entitled to a default judgment against Digby without specifically identifying its evidence against Digby, especially when a default judgment could later be used against or possibly enforced against Quick Box. At minimum, Plaintiff should be required to re-file its motion for default judgment and, this time, provide specificity as to the evidence about Digby, including the evidence identifying what makes Digby liable on each of Plaintiff's claims and how Plaintiff has determined the damages award it asks be entered against Digby.

This is not too much to ask. Plaintiff presumably had much of this evidence since September 14, 2018 when it filed its original Complaint suing Digby along with various domain names. Over the thirteen months since, Plaintiff has presumably gathered additional evidence to support its claims and requested damages against Digby. Indeed, over this same thirteen months,

Hon. Valerie E. Caproni, U.S.D.J.
October 15, 2019
Page 2

Plaintiff's claims and allegations against Digby, Quick Box, and other defendants have expanded
to now include approximately six (6) products, fifteen (15) product labels, and twenty-six (26)
domain names, although unclear.  Plaintiff now seeks default judgment against Digby without
Plaintiff ever identifying which of these products, product labels, or domain names concern
Digby or identifying anything about how it arrived at the damages award it seeks against Digby.
If this were allowed, Quick Box and this Court would be left with total uncertainty as to what
was necessarily decided with the default judgment and what facts and factual issues remain to be
litigated.  Simply put, without much more specificity by Plaintiff, everyone will be left confused
about how a judgment against Digby could impact, narrow, or further muddy the future litigation
in the remaining case.

       During the September 27, 2019 status conference and show cause hearing, Quick Box's
counsel raised this concern.  Specifically, Quick Box's counsel explained that Plaintiff's earlier
motion for default judgment did not identify what particular products, product labels, or domain
names were associated with Digby; what evidence supported counterfeiting as opposed to mere
trademark infringement by Digby; or how Plaintiff arrived at the damages for the award it seeks
against Digby.  Quick Box's counsel further explained that Plaintiff has a high evidentiary
burden in proving counterfeiting, as compared to trademark infringement, because counterfeiting
requires use of a "spurious mark which is identical with, or substantially indistinguishable from,
a registered mark."  15 U.S.C. § 1127; *see also Louis Vuitton Malletier S.A. v. Sunny Merch.
Corp.*, 97 F. Supp. 3d 485, 499 (S.D.N.Y. 2015) ("To be substantially indistinguishable, two
marks must be 'nearly identical . . . with only minor differences which would not be apparent to
an unwary observer.'").  The Court thoughtfully acknowledged these concerns, directed Plaintiff
to re-file its motion for default judgment, and further ordered Plaintiff to limit its attorney's fees
request to work expended on its prosecution of Digby.

       Notwithstanding the opportunity to address these concerns, Plaintiff's latest motion for
default judgment again provides no specificity or evidence to support its claims and the
requested damages award against Digby.  In deciding an application for default judgment, the
district court is empowered to require presentation of evidence to "determine the amount of
damages[,] establish the truth of any allegation by evidence[,] or investigate any other matter."
Fed. R. Civ. P. 55(b)(2)(B-D).  Although entry of a default judgment is committed to the district
court's discretion, "[a] district court has abused its discretion if it based [the entry of default
judgment] on an erroneous view of the law or on a clearly erroneous assessment of the evidence .
. . or rendered a decision that cannot be located within the range of permissible decisions."  *Sims
v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks and citations omitted)).  If the
Court were to grant Plaintiff's motion for default judgment in its current vague, conclusory, and
incomplete form, this would respectfully be an abuse of discretion.

       Accordingly, Quick Box requests that this Court order Plaintiff to re-file its motion for
default judgment with Plaintiff now providing specificity and evidence to identify: (i) which
alleged infringing products, product labels, or domain names addressed in the Second Amended
Complaint are the subject of its motion for default judgment; (ii) as to each such product, product
label, or domain name, what evidence supports that Digby committed trademark infringement
and/or counterfeiting or is otherwise liable to Plaintiff; and (iii) as to each such product, product

Hon. Valerie E. Caproni, U.S.D.J.
October 15, 2019
Page 3

label, or domain name, what evidence underlies Plaintiff's damages calculations and requested damages award against Digby.

    We appreciate your attention to this matter.

                Respectfully submitted,

                */s/ Damon W.D. Wright*

                Damon W.D. Wright
                *Counsel for Defendant Quick Box, LLC*