UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/17/2020

RV SKINCARE BRANDS LLC,

                Plaintiff,

- v -

DIGBY INVESTMENTS LIMITED, QUICK BOX, LLC, and the Internet Domain Names GetReviveSkin.com, et al.,

                Defendants.

Case No.  1:18-cv-8411-VEC-GWG

**PROTECTIVE ORDER**

VALERIE E. CAPRONI, District Judge:

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

ORDERED that any person subject to this Order — including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in e course of discovery in this action) that is designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Order shall not disclose such Confidential or Highly Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as

2

      (a)      Confidential only such portion of such material as consists of:

            (i)      financial information previously nondisclosed to the public (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

            (ii)      material previously nondisclosed to the public relating to ownership or control of any non-public company;

            (iii)      business plans, product development information, or marketing plans previously nondisclosed to the public;

            (iv)      any information of a personal or intimate nature regarding any individual; or

            (v)      any other category of information hereinafter given confidential status by the Court.

      (b)      Highly Confidential only such portions of Confidential material (including technical information) consisting of competitively-sensitive, non-public information or documents, the disclosure of which to a competitor of the producing party is likely to cause irreparable harm.

3.      With respect to the Confidential or Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility.  Deposition testimony may be designated as

Confidential or Highly Confidential either on the record during the deposition or within 5 days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential or Highly Confidential, he may so designate by notifying all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential or Highly Confidential under the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" or "Highly Confidential" designation within two (2) business days of providing such notice.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person

    (a)    as Confidential to any other person whomsoever, except to:

        (i)    the parties to this action and, with respect to Discovery Material designated as Confidential that was produced by a non-party, also to such non-party;

        (ii)    <u>in-house counsel for the parties to this action and</u> counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

- (iii) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;
- (iv) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;
- (v) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;
- (vi) stenographers engaged to transcribe depositions conducted in this action; and
- (vii) independent photocopying, graphic production services, or litigation support services employed by the parties or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;
- (viIi) the Court and its support personnel; and
- (ix) any other person whom the producing person, or other person designating the Discovery Material confidential pursuant to paragraph 8 below, agrees in writing may have access to such Discovery Material.
- (b) as Highly Confidential to any person whomever, except to those persons identified in paragraph (5)(a)(ii)-(ix) above and up to two employees of

5

>  the receiving party designated by the receiving party to review Highly Confidential information provided they are disclosed in advance to the producing party and they each sign and agree to be bound by the Non-Disclosure Agreement attached hereto.

6. Prior to any disclosure of any Confidential or Highly Confidential Discovery Material to any person referred to in subparagraphs 5(a)(iv) or 5(a)(v)d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

7. All Confidential and Highly Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential and Highly Confidential Discovery Material, shall be filed under seal with the Clerk of the Court pursuant to the Court's Individual Practices and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. For any document filed under seal, a party must: (1) file a letter on the public docket requesting sealing or redaction, (2) file an unredacted version of the document under seal on the docket with the proposed redaction(s) highlighted, and (3) file a redacted version of the document on the public docket.

8. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

9. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or Highly Confidential. The Court also retains discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential or Highly Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may rest in an order and/or decision by the Court.

10. Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11. If, in connection with this litigation and despite a producing person having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such

disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

13. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

14. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information.  The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact of the inadvertent production.

15. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information.  Nothing in this Order shall limit the right of any party to request an in camera review of the inadvertently Disclosed Information.

16. This Protective Order shall survive the termination of the litigation.  Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Highly Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

17. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO ORDERED.

Dated:  New York, New York
        March 17, 2020

                                            _____
                                            VALERIE E. CAPRONI
                                            United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RV SKINCARE BRANDS LLC,<br><br>Plaintiff,<br><br>- v -<br><br>DIGBY INVESTMENTS LIMITED, QUICK BOX, LLC, and the Internet Domain Names GetReviveSkin.com, et al.,<br><br>Defendants. | Case No.  1:18-cv-8411-VEC-GWG<br><br>**NON-DISCLOSURE AGREEMENT** |

     I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential.  I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____        _____