UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RV SKINCARE BRANDS LLC,<br><br>                                Plaintiff,<br><br>         - v -<br><br>DIGBY INVESTMENTS LIMITED,<br>QUICK BOX, LLC, and the Internet<br>Domain Names GetReviveSkin.com, et al.,<br><br>                                Defendants. | Case No. 1:18-cv-8411-VEC-GWG |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO FILE AMENDED ANSWER AND AFFIRMATIVE DEFENSES

## **TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ................................................................................................. 1

**FACTUAL AND PROCEDURAL BACKGROUND** ................................................................ 1

     A.    Application and Registration of the "RÉ VIVE" Mark ...................................... 1

     B.    RV Skincare's Acquisition of the "RÉ VIVE" Mark .......................................... 3

     C.    RV Skincare's Testimony .................................................................................. 3

**ARGUMENT** .............................................................................................................................. 4

**I.**    **QUICK BOX SHOULD BE PERMITTED TO AMEND ITS ANSWER PURSUANT TO RULE 15** ............................................................................................... 4

     A.    Liberal Allowance of Amendment and Timeliness of Motion .......................... 4

     B.    Plaintiff will not be Prejudiced if Quick Box's Answer and Affirmative Defenses are Amended ...................................................................................... 5

     C.    Amendment is Necessary to Prevent Further Prejudice to Quick Box .............. 6

**CONCLUSION** ........................................................................................................................... 7

## TABLE OF AUTHORITIES

**Cases**

*Conley v. Gibson,* 355 U.S. 41, 48 (1957) ................................................................................. 4

*Foman v. Davis,* 371 U.S. 178, 182 (1962) ................................................................................. 4

*Fustok v. Conticommodity Servs., Inc.,* 103 F.R.D. 601, 604 (S.D.N.Y. 1984) ............................. 4

*In re Bose Corp.,* 580 F.3d 1240, 1243 (Fed. Cir. 2009) ............................................................. 6

*Matarazzo v. Friendly Ice Cream Corp.,* 70 F.R.D. 556 (E.D.N.Y. 1976) ................................... 5

*Orient Express Trading Co. v. Federated Dep't. Stores, Inc.,* 842 F.2d 650, 653 (2d Cir. 1988) .. 6

*Patsy's Italian Restaurant, Inc. v. Banas,* 658 F.3d 254, 270-71 (2d Cir. 2011) ........................... 6

*Rodriguez v. Town of Ramapo,* 412 F. Supp. 3d 412 (S.D.N.Y. 2019) ......................................... 5

*Torres v. Cantine Torresella S.r.l.,* 808 F.2d 46, 48 (Fed Cir. 1986) ............................................ 6

**Statutes**

15 U.S.C. § 1115(b)(1) ................................................................................................................ 6

15 U.S.C. § 1119 ......................................................................................................................... 6

**Rules**

Federal Rule of Civil Procedure 15(a) ........................................................................................ 4

**PRELIMINARY STATEMENT**

Defendant Quick Box LLC ("Quick Box") submits this memorandum of law in support of its motion, pursuant to Fed. R. Civ. P. 15(a), for leave to amend its Answer and Affirmative Defenses to the claims filed by RV Skincare Brands, LLC ("RV Skincare") alleging infringement of the "RÉ VIVE" trademark.

Quick Box has been embroiled in this lawsuit for almost one year and has spent tens of thousands of dollars and countless hours preparing its defenses only to recently learn that the registration for the mark it is accused of infringing was fraudulently obtained. Specifically, the testimony of RV Skincare's 30(b)(6) witnesses as to the pronunciation and connotation of the "RÉ VIVE" mark directly contradicts statements made by the trademark's original owner to the United States Patent and Trademark Office during the trademark registration process and leads to the conclusion that such statements were fraudulently made. Accordingly, Quick Box now moves to assert cancellation of the mark as a defense.

Quick Box has moved expeditiously to seek leave to amend once it deposed RV Skincare's witnesses and discovered the fraud. There is no prejudice to RV Skincare, as it had knowledge of the fraud throughout the time this lawsuit was pending and it will not lead any additional discovery by RV Skincare. However, if leave to amend is not granted, Quick Box will be precluded from asserting its meritorious defense and will continue to suffer damages as a result of this baseless and frivolous lawsuit.

**FACTUAL AND PROCEDURAL BACKGROUND**

A.   **Application and Registration of the "RÉ VIVE" Mark**

On April 21, 2000, Bays Brown Dermatologics, Inc. ("Bays Brown" or "Applicant") submitted an application for registration of the "RÉ VIVE" marks. The United States Patent and

Trademark Office ("USPTO") refused registration on the grounds that the Applicant's mark was confusingly similar to a previously registered mark "REVIVE." The USPTO notified Bays Brown of its decision on October 2, 2000. The USPTO examiner cited the phonetic similarly between the proffered "RÉ VIVE" mark and the existing "REVIVE" mark as the grounds for potential confusion.

On April 2, 2001, Bays Brown filed a Response to Agency Action No. 1 with the USPTO (the "Response", attached as Exhibit A). The Response made several key claims about the "RÉ VIVE" mark that were intended to dispel any notion of potential confusion and convince the USPTO to permit the registration of this mark:

- The "RÉ VIVE" mark is pronounced "Ray vev";

- The "Ray vev" pronunciation "has been recognized in the marketplace for over four years";

- The term "RÉ VIVE" "has no meaning" in contrast to the "REVIVE" mark, which has a recognized dictionary meaning;

- The "RÉ VIVE" mark "leaves a distinct visual impression";

- The "RÉ VIVE" mark "has no English translation";

- The "RÉ VIVE" mark "is presented without any claim as to special form";

- The "RÉ VIVE" mark is pronounced "Ray vev";

- The "Ray vev" pronunciation "has been recognized in the marketplace for over four years";

- The term "RÉ VIVE" "has no meaning" in contrast to the "REVIVE" mark, which has a recognized dictionary meaning;

- The "RÉ VIVE" mark "leaves a distinct visual impression";

- The "RÉ VIVE" mark "has no English translation";

- There is simply no similarity between the "RÉ VIVE" mark and the "REVIVE" mark "phonetically, visually or in connotation";

2

- The "RÉ VIVE" mark has "coexisted" with the "REVIVE" mark "for over four years without any confusion";

- The "RÉ VIVE" mark and the "REVIVE" Mark, "when considered in their entireties leave completely separate commercial impressions in terms of sight, sound *and* meaning which is only confirmed by their coexistence without confusion for over four years." (emphasis in original)

Based on these representations, which have now been shown to be false, Bays Brown sought and received, on February 19, 2002, approval and registration of the "RÉ VIVE" mark. (*See* Trademark Assignment Abstract of Title, attached as Exhibit B)

### B. RV Skincare's Acquisition of the "RÉ VIVE" Mark

On December 12, 2005, Bays Brown assigned the "RÉ VIVE" mark to Bays Brown Laboratories, Inc. as part of a merger transaction. On April 30, 2008, the "RÉ VIVE" mark was assigned to Gurwich Products LLC. ("Gurwich"). As part of a merger between Gurwich and Shiseido Americas Corporation ("Shiseido"), on December 31, 2016, the "RÉ VIVE" mark was assigned to Shiseido. On March 12, 2018, Shiseido assigned all rights to the "RÉ VIVE" mark to RV Skincare Brands, LLC. (*See* Exhibit B)

### C. RV Skincare's Testimony

On April 10, 2020, Quick Box took the deposition of John Elmer as a 30(b)(6) witness on behalf of RV Skincare. Subsequently, on May 7, 2020, Quick Box deposed Abigail Whitmer as RV Skincare's 30(b)(6) witness as to topics pertaining to marketing, consumer complaints and damages. The testimony of both these witnesses, given on behalf of RV Skincare, demonstrates that the statements made by its predecessor, Bays Brown, to the USPTO were false and were made solely for the purposes of obtaining approval and registration of the "RÉ VIVE" mark.

Mr. Elmer, RV Skincare's CFO and COO, testified that he has never heard the mark pronounced "Ray vev," by anyone, "not even from the founder himself, Dr. Bays Brown." (Elmer Tr. 131:8-19, excerpts attached hereto as Exhibit C). According to Mr. Elmer, and based

on his communications with Dr. Bays Brown, the pronunciation of the mark has not changed over time. (Elmer Tr. 91:13-92:9, Exhibit C). Similarly, Ms. Whitmer, RV's Executive Director of E-Commerce, Digital and Social Media, testified that she pronounces the "RÉ VIVE" mark as "Reh veev" and has always heard it pronounced that way. (Whitmer Tr. 245:6-11, 246:15-22, excerpts attached hereto as Exhibit D). Ms. Whitmer testified that "everyone in the company," including Dr. Brown, pronounces "RÉ VIVE" the same way she does. (Whitmer Tr. 20:17-22, attached as Exhibit D).

Obviously these statements contradict those made to the USPTO and support a finding that the "RÉ VIVE" mark was obtained fraudulently. Accordingly, Quick Box now seeks to assert an affirmative defense of cancellation against the claims made by RV Skincare.[1]

## ARGUMENT

### I. QUICK BOX SHOULD BE PERMITTED TO AMEND ITS ANSWER PURSUANT TO RULE 15

#### A. Liberal Allowance of Amendment and Timeliness of Motion

Under Federal Rule of Civil Procedure 15(a), "a party may amend its pleading only with the written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." As a general matter, amendments are favored in order "to facilitate a proper decision on the merits." *See Fustok v. Conticommodity Servs., Inc.,* 103 F.R.D. 601, 604 (S.D.N.Y. 1984) (quoting *Conley v. Gibson,* 355 U.S. 41, 48 (1957)). In view of this liberal amendment policy, leave should be denied only when there is evidence of undue delay or bad faith on the part of the movant resulting in substantial prejudice to the opposing party. *See Foman v. Davis,* 371 U.S. 178, 182 (1962). Here, there is no bad faith or delay. Quick Box first

---

[1] A copy of Quick Box's Amended Answer and Affirmative Defenses with redlined changes is attached as Exhibit E.

4

learned of the potential fraud at Mr. Elmer's deposition on April 10, 2020 and confirmed it at Ms. Whimer's deposition on May 7, 2020. After discovering this evidence suggesting that the "RÉVIVE" mark is invalid, Quick Box has moved expeditiously to pursue the amendment.2

### B. Plaintiff will not be Prejudiced if Quick Box's Answer and Affirmative Defenses are Amended

"Discovery often justifies a subsequent amendment to a complaint" and "amendment should be permitted in the absence of the injection of any new issues requiring new and extensive preparation detrimental to the speedy resolution of the case and prejudice to the defendant." *See Matarazzo v. Friendly Ice Cream Corp.,* 70 F.R.D. 556 (E.D.N.Y. 1976). Denial of a motion to amend on grounds of prejudice requires a showing of substantial hardship. *See Rodriguez v. Town of Ramapo*, 412 F. Supp. 3d 412 (S.D.N.Y. 2019).

Here, there is no conceivable hardship to RV Skincare if the amendment is permitted. Quick Box is not seeking to add new claims – it is merely seeking to assert a defense to the claims that RV Skincare had ample opportunity to prepare against it. Further, RV Skincare has had access to all of the information relevant to the new defense – specifically, it knew of the representations made to the USPTO, as well as its actual practices regarding pronunciation and connotation of the mark and will not need any discovery on this issue. RV Skincare cannot claim prejudice on the basis of information it already possessed.

---

2 Although the Court's September 27, 2019 Scheduling Order set a deadline of October 28, 2019 for amended pleadings, the new information was only recently discovered during the depositions of Plaintiff's 30(b)(6) designees. These depositions were originally scheduled in January 2020 and were delayed for several months due to Plaintiff's dilatory conduct in discovery. Accordingly, this motion is being made at the earliest possible opportunity.

5

### C.     Amendment is Necessary to Prevent Further Prejudice to Quick Box

On the other hand, Quick Box will continue to be prejudiced if the amendment is not permitted. Quick Box's proposed amendment would allow it to assert the defense of cancellation – which would nullify RV Skincare's claim of trademark infringement. The District Court is empowered to order the cancellation of trademark registrations with regard to any party to an action involving a registered mark. 15 U.S.C. § 1119 ("In any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action.") Even an incontestable trademark can be subject to cancellation if it was fraudulently obtained. 15 U.S.C. § 1115(b)(1).

"Fraud in procuring a trademark registration . . . occurs when an applicant knowingly makes false, material representations of fact in connection with his application." *In re Bose Corp.*, 580 F.3d 1240, 1243 (Fed. Cir. 2009) (quoting *Torres v. Cantine Torresella S.r.l.*, 808 F.2d 46, 48 (Fed Cir. 1986)). To demonstrate that a trademark registration was fraudulently obtained, the challenging party must show (i) a false representation regarding a material fact; (ii) the person making the representation knew the representation was false; (iii) an intention to induce the listener to act or refrain from acting based on the misrepresentation; (iv) reasonable reliance on the misrepresentation; and (v) damages resulting from the misrepresentation. *Patsy's Italian Restaurant, Inc. v. Banas*, 658 F.3d 254, 270-71 (2d Cir. 2011); *see also Orient Express Trading Co. v. Federated Dep't. Stores, Inc.*, 842 F.2d 650, 653 (2d Cir. 1988) (specifying that a plaintiff seeking cancellation of a trademark on the basis of fraudulent procurement must point to a "knowing misstatement . . . with respect to a material fact").

It is clear that the registration here is subject to cancellation, as it was obtained through fraud. The statements made by Bays Brown, RV Skincare's predecessor in interest were false –

as demonstrated by the testimony of Mr. Elmer and Ms. Whitmer. Further, the person making the representations clearly knew they were false, as per both Mr. Elmer and Ms. Whitmer, the mark was ***never*** pronounced "Ray vev" as claimed in the Response. The statements were made as part of an effort to obtain registration for the mark, so Bays Brown intended the USPTO examiner to rely on them. Given that the application was granted, based in part on these statements, the reliance requirement is satisfied. Finally, Quick Box has suffered damages as result of RV's fraudulent registration – notably the costs of defense of this action.

## CONCLUSION

Defendant Quick Box has only recently discovered that the mark it is accused of infringing may not be a valid trademark registration given the fraudulent statements made to the USPTO during the application process. Quick Box has already been prejudiced by having to defend this lawsuit and now seeks to assert the affirmative defense of cancellation of the trademark. If the trademark is cancelled due to fraud on the USPTO, there is simply no basis for RV Skincare's claims and Quick Box will be afforded an absolute defense to this action. Under such circumstances, there is good cause to allow Quick Box to amend its answer and affirmative defenses and the Court should permit such amendment.

Dated: May 27, 2020

GORDON & REES LLP

/s/ *Ronald A. Giller*
Ronald A. Giller, Esq.
Jennifer A. Guidea, Esq.
One Battery Park Plaza, 28th Floor
New York, NY 10004
rgiller@grsm.com
jguidea@grsm.com

Damon W.D. Wright (admitted *pro hac vice*)
1101 King Street, Suite 520
Alexandria, VA 22314
dwright@grsm.com

7