```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
 RV SKINCARE BRANDS LLC,                                       :
                                                               :
                                        Plaintiff,             :
                                                               :
                        -against-                              :
                                                               :
                                                               :
 DIGBY INVESTMENTS LIMITED, ET AL.,                            :
                                                               :
                                        Defendants.            :
-------------------------------------------------------------- X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/31/2020
```

18-CV-8411 (VEC)

<u>DEFAULT JUDGMENT</u>

VALERIE CAPRONI, United States District Judge:

WHEREAS on both May 10, 2019, and September 27, 2019, Defendant Digby Investments Limited ("Digby") failed to appear in response to an order to show cause why default judgment should not be entered against it in this action;

WHEREAS the issue of damages was postponed until the conclusion of this case, *see* Dkt. 81;

WHEREAS Plaintiff RV Skincare Brands LLC has agreed to the dismissal of all remaining Defendants in this action, Dkt. 192;

WHEREAS Plaintiff has elected statutory damages pursuant to the Lanham Act, 15 U.S.C. § 1117(c), Dkt. 192;

WHEREAS Plaintiff, on account of Digby's failure to appear, seeks damages for willful violations, which shall be "not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just," 15 U.S.C. § 1117(c);

WHEREAS Plaintiff seeks $50,000 per violation for the use of three infringing marks on two products each, for a total of $300,000, Dkt. 192;

WHEREAS the Court has discretion to determine the appropriate amount of statutory damages, taking in account "(1) the expenses saved and the profits reaped by the defendant infringer; (2) the revenues lost by the plaintiff; (3) the value of the [trademark]; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant," *Stark Carpet Corp. v. Stark Carpet & Flooring Installations, Corp.*, 954 F. Supp. 2d 145, 154 (E.D.N.Y. 2013) (citation omitted);

WHEREAS Plaintiff has not provided sufficient information for the Court to quantify the financial benefit gained by Digby, the amount of any revenue that Plaintiff may have lost as a result of Digby's conduct, nor the value of the infringed marks;

WHEREAS Plaintiffs trademarks appear to be valuable, though its precise value is not quantified, given its distribution in multiple high-end retailers, *see* SAC (Dkt. 88) ¶ 70;

WHEREAS the determination of statutory damages is, therefore, largely based on Digby's willful infringement and repeated failure to appear in this action and the need for deterrence, particularly given Digby's evasive conduct, *see* Dkt. 192 (citing Digby shutting down and creating new domain names in response to detection);

WHEREAS imposing $10,000 per violation for pure deterrence purposes has been found appropriate in willful violation cases in which information about profits and losses is largely absent, *see, e.g.*, *Stark Carpet*, 954 F. Supp. 3d at 154; and

WHEREAS Plaintiff also seeks prejudgment interest of 9% and a permanent injunction, pursuant to 15 U.S.C. § 1116(a), enjoining Digby from future violations of Plaintiff's trademark(s), Dkt. 192;

IT IS HEREBY ORDERED AND ADJUDGED that Plaintiff shall have judgment against Digby pursuant to Fed. R. Civ. P. 54(b) and 55(b) and be awarded the following monetary and equitable relief:

1. $150,000 (six violations at $25,000 each) in total statutory damages pursuant to the Lanham Act, 15 U.S.C. § 1117(c) because of Digby's willful infringement of valuable marks and continued evasive conduct in response to detection, along with post-judgment interest in accordance with 28 U.S.C. § 1961[1];

2. Permanent injunction restraining and enjoining Digby, its officers, agents, affiliates, employees and attorneys, intermediaries, distributors, warehousing, and fulfillment houses, and all those persons or entities in privity or acting of, and each and all of them, from:

    a. Using the mark REVIVE or any term confusingly similar thereto as a part of a trademark or service mark alone or in combination with other words, names, or marks in connection with selling, offering or advertising of any goods or services;

    b. Using the mark REVIVE or any other names or marks confusingly similar to the Ré Vive Trademarks (U.S. Reg. Nos. 2,539,403; 2,875,712; and 3,787,890) in connection with any business;

    c. Holding itself out as the owner of a company authorized to use a mark confusingly similar to the Ré Vive Trademarks, including, but not limited to, REVIVE, RÉ VIVE, GET THE GLOW, or ACNE REPARATIF RÉ VIVE;

---

[1] The Court declines to award pre-judgment interest, which is compensatory in nature, because Plaintiff has not provided any information as to loss and has instead elected statutory damages.

    d.   Performing any actions using any words, names, or marks which are likely to cause confusion, to cause mistake or to deceive, or to otherwise mislead the trade or public into believing that Plaintiff and Digby are one and the same or are in some way connected; or that Plaintiff is a sponsor of Digby; or that Digby is in some manner affiliated with or associated with or under the supervision of Plaintiff; or is likely in any way to lead the trade or public to associate Digby with Plaintiff;

    e.   Using any trade practices whatsoever, which tend to compete unfairly with or injure Plaintiff's business or Ré Vive Trademarks and the goodwill attached thereto; or

    f.   Otherwise competing unfairly with Plaintiff in any manner.

The Clerk of Court is respectfully directed to dismiss all remaining defendants and terminate all motions and deadlines and close the case.

**SO ORDERED.**

Date: July 31, 2020  
New York, New York

                      **VALERIE CAPRONI**  
                      **United States District Judge**